ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1|8|24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTIAN LOUBOUTIN SAS, CHRISTIAN LOUBOUTIN, L.L.C., and CLERMON ET ASSOCIES,

                Plaintiffs,

   - against -

MEHDI MOHAMED NASRALLAH,

               Defendant.

23 Civ. 11104 (LLS)

PRELIMINARY INJUNCTION AND RESTRAINING ORDER

---

    Plaintiffs Christian Louboutin, L.L.C.; Christian Louboutin SAS; and Clermon et Associes (together "Louboutin") move for a preliminary injunction on their trademark infringment and breach of contract claims.

    Upon review of Louboutin's application for a preliminary injunction, the memorandum of law and declarations in support of that application, and all other pleadings, and the proceedings held before Judge Clarke on December 26, 2023, and before this Court on January 5, 2024, the Court makes the following finding of facts and conclusions of law:

    1. Louboutin is a manufacturer of luxury fashion footwear and accessories. Clermon et Associes owns all right, title and interest in the Christian Louboutin trademarks and logos, including the red lacquered outsole of shoes. Louboutin exercises strict, legitimate, and non-pretextual quality assurance and control processes over

    the production of its products manufactured for sale to the public to safeguard and ensure the high quality of their products and the value of the Christian Louboutin trademarks. Louboutin manufactures a limited number of sample products, which are never offered for sale to the public, not subject to those quality assurance and control processes, and are often labeled "sample."

2. Nasrallah is a former employee of Christian Louboutin, L.L.C. Nasrallah worked in Christian Louboutin, L.L.C.'s retail stores in Paris and New York City. During that employment, Nasrallah obtained possession of sample products from Christian Louboutin SAS's premises in Paris. Fedex records show that Nasrallah shipped sample products to the United States, including to his personal address in New York and to non-party Alexander Shtutman. WhatsApp messages between Nasrallah and Shtutman show the two discussing sample products, including Nasrallah's sale of those products to Shtutman, the amount Shtutman would pay for those sample products, Shtutman's receipt of those sample products, and Shtutman's resale of those sample products to his friends and family and on Shtutman's Facebook Marketplace page entitled "Christian Louboutin VIP Buy/Sell." Copies of Paypal and Wise

payment transactions confirm that Shtutman paid Nasrallah thousands of dollars over the course of several months.

3. In his employment agreement with Louboutin, Nasrallah agreed to comply with all of Louboutin's policies and procedures, including those set forth in the Christian Louboutin Employee Handbook (the "handbook"). The handbook prohibits employees from re-selling current Louboutin products or purchasing Louboutin products with a discount and re-selling those products at full price. The handbook also prohibits disclosing "confidential information," which is defined to include any non-public information related to research and "development projects, inventions, designs and the design process." The handbook states that any breach or threatened breach of the confidential information "shall cause irreparable harm to Christian Louboutin and that Christian Louboutin will have no adequate remedy at law, and thereby you stipulate and agree that an injunction may be entered barring any and all disclosure of any Confidential Information or otherwise using, disposing of, attempting to assert ownership over Confidential Information."

4. Nasrallah was served the Complaint, the application for a temporary restraint, and the order to show cause why a preliminary injunction should not be issued. He appeared

3

pro se at a proceeding held before Judge Clarke regarding Louboutin's Motion for a Temporary Restraining Order, which was granted. During that proceeding, Judge Clarke set a deadline for filing papers opposing Louboutin's Motion for a Preliminary Injunction. That deadline has passed, and Nasrallah has filed none. Nasrallah appeared pro se before this Court on January 5, 2024.

5. The Court has personal jurisdiction over Nasrallah because he resides in New York State and conducts business regarding the conduct at issue New York State.

6. Louboutin has shown a likelihood of success on the merits of its trademark infringement and breach of contract claims. Louboutin has shown that it will suffer irreparable harm to its brand from Nasrallah's sale of the sample products that have not been subject to Louboutin's quality control procedures to the public if a preliminary injunction is not issued.

In accordance with Federal Rule of Civil Procedure 65, it is therefore ORDERED that Nasrallah, all of his agents and employees, and all other persons acting in concert with defendant, are restrained and enjoined:

(a) From using the Christian Louboutin trademarks, U.S. Registration Numbers 3,206,366; 1,816,940; 3,376,197; 3,361,597; 3,876,383; 4,438,425; 4,654,832; 5,253,321;

6,891,486; 3,425,538; 45,442,328; and 6,852,768 (together the "Marks"), or any designation or mark that is confusingly similar to the Marks on any item, and doing any other acts which are intended to or will be likely to deceive consumers or the trade into falsely believing that there is an affiliation or relationship between plaintiffs and defendant, including without limitation by selling, transferring or disposing of any items bearing the Marks that contain the designation "sample," or were unlawfully obtained from Louboutin.

It is further ORDERED that the bond previously deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of preliminary injunction and any damages sustained by any party who is found to have been wrongfully enjoined thereby is continued until final disposition of this matter.

It is further ORDERED that pending final disposition of all claims in this action, defendant shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this action or any of the claims asserted herein, and maintain them in an accessible form and place.

It is further ORDERED that a copy of this order be served upon defendant within four days of entry of this Order by the Court.

SO ORDERED.

Dated:   New York, New York
         January 8, 2024

                                              *Louis L. Stanton*
                                              LOUIS L. STANTON
                                              U.S.D.J.